## Case No. 263.

### ALSOP et al. v. MAXWELL.

[2 Blatchf. 557.][1]

Circuit Court, S. D. New York. Feb. 1853.

CUSTOMS DUTIES—ENTRY AND APPRAISAL—VALUE FOREIGN COIN.

The doctrine of the case of Dutilh v. Maxwell, [Case No. 4,207,] applied to importations from Chili, Peru, and Bolivia.

[See, also, Alsop v. Maxwell, Case No. 264; Grant v. Maxwell, Id. 5,699; Fiedler v. Maxwell, Id. 4,760.]

At law. This was an action [by Joseph W. Alsop, Jr., and Henry Chauncey] against [Hugh Maxwell,] collector of the port of New York, to recover back an alleged excess of duties paid him. A verdict was taken for the plaintiffs, subject to the opinion of the court. The facts are stated in the opinion of the court.

John S. McCulloh, for plaintiffs.

J. Prescott Hall, Dist. Atty., for defendant.

BETTS, District Judge. The plaintiffs, in May, September and November, 1851, made four several entries, at the custom-house in New-York, of merchandize imported from Valparaiso and Coquimbo, in Chili, and invoiced at those ports in the months of January, February, May and June, 1851, made up in the paper currency of the country. Each invoice was accompanied by a consular certificate stating the specie value of the currency in which the invoice prices were exhibited. The collector exacted duties upon the nominal value of the merchandize, which was paid by the plaintiffs under written protests against the legality of the demand. The plaintiffs also proved, on the trial before the jury, that the currency was debased or depreciated to the amount of the reduction demanded on the entries. It is unnecessary to detail the reasoning in support of the justness of this claim. It is sufficiently set forth in several cases recently decided by this court. I find, also, that the circuit court in Massachusetts coincides with these principles. I have been furnished with an opinion given by Mr. Justice Curtis, in that court, in October last, in which he holds the collector responsible to an importer for an excess of duties exacted on goods imported from Chili, on facts very analogous to those proved in the present case. Judgment is, therefore, rendered for the plaintiffs, with costs.

NOTE, [from original report.] In the case of Riley v. Maxwell, [Case No. 11,838,] decided at the same time, the same doctrine was applied to importations from Peru and Bolivia, and to invoices made up in the depreciated paper currency of those countries.

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]